UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONNELL DEVONTE SANDERS,

    Petitioner,

v.

WARDEN CHERYL EPLETT,

    Respondent.

Case No. 24-CV-70-JPS

**ORDER**

Petitioner Donnell Devonte Sanders ("Sanders" or "Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On January 18, 2024, Petitioner filed an unsigned motion for leave to proceed without prepayment of the filing fee. ECF No. 2. The same day, the Clerk sent a letter to Petitioner requesting that a six-month certified prisoner trust account statement be filed or payment of the $5.00 filing fee within twenty-one days. ECF No. 3. On January 25, 2024, Petitioner filed a trust account statement. ECF No. 4. On January 29, 2024, Magistrate Judge William E. Duffin ordered Petitioner to pay an initial partial filing fee of $34.47. ECF No. 5. On January 30, 2024, Petitioner filed a second motion for leave to proceed without prepayment of the filing fee. ECF No. 7. On January 30, 2024, this case was reassigned to this branch of the court for further proceedings. On February 8, 2024, Petitioner paid the $34.47 initial partial filing fee.

To begin, the Court will vacate Magistrate Duffin's order regarding the $34.47 initial partial filing fee, ECF No. 5. Magistrate Duffin's order erroneously addressed the cost of filing a regular civil action in federal court

and the initial partial filing fee requirement under the Prisoner Litigation Reform Act. *See id.* Here, Sanders filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The cost for filing a habeas petition is a filing fee of only $5.00. *See* 28 U.S.C. § 1914(a). As such, Petitioner did *not* owe $34.47 to proceed with this case. The remainder of this Order addresses Petitioner's motions for leave to proceed without prepayment of the filing fee and screens the petition.

1.   **LEAVE TO PROCEED WITHOUT PREPAYMENT**

Ordinarily, a habeas petitioner must pay a statutory filing fee of $5.00 to file a petition for habeas review in federal court. 28 U.S.C. § 1914(a). However, under 28 U.S.C. § 1915(a)(1), the Court may authorize the commencement of a habeas petition without prepayment of fees if a party submits an affidavit asserting his inability to pay and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." Petitioner submitted a trust fund account statement along with his motion. ECF No. 4.

Upon review of Petitioner's prison trust account statement, the Court finds that he was able to (and did) pay the $5.00 filing fee. Petitioner's trust account activity statement shows average monthly deposits of $147.72, an average monthly balance of $4.76, and an end balance of $2.04. ECF No. 4. The Court concludes that he could pay the one-time $5.00 fee in this case, and, indeed, he has already paid it. The Court will therefore deny his motion to proceed without prepayment of the filing fee, ECF No. 7. The Court will accordingly instruct the Clerk of Court to return the balance of the $34.47 already paid; the Clerk shall therefore return $29.47 to Petitioner ($34.47 minus the $5.00 habeas filing fee). The Court will also deny as moot

Petitioner's initial unsigned motion to proceed without prepayment of the filing fee, ECF No. 2.

2. **FACTUAL BACKGROUND**

Sanders challenges a judgment convicting him of first-degree sexual assault by threat of use of a dangerous weapon and of strangulation and suffocation, both counts as a repeater. ECF No. 1 at 1. Following a bench trial, Sanders was convicted of both counts and sentenced to a term of imprisonment of fourteen years of initial confinement and sixteen years of extended supervision. *See State of Wisconsin v. Donnell Devonte Sanders*, Milwaukee Cnty. Case No. 20215CF001695, https://wcca.wicourts.gov/caseDetail.html?caseNo=2015CF001695&countyNo=5&index=0&mode=details (last visited Apr. 24, 2024).

Following sentencing, Sanders appealed his judgment of conviction and from the denial of a post-conviction motion. *State v. Sanders*, No. 2021AP374-CR, 2022 WL 16753862, at *1 (Wis. Ct. App. Nov. 8, 2022), *review denied*, 2023 WI 31. The Wisconsin Court of Appeals addressed Sanders's argument that the trial court erred by denying his postconviction motion without an evidentiary hearing. *Id.* at *2. The Wisconsin Court of Appeals affirmed the trial court's order and judgment. *Id.* at *3.

Sanders petitioned for review to the Wisconsin Supreme Court on December 5, 2022, and the Wisconsin Supreme Court denied review on February 27, 2023. *State v. Sanders* 2023 WI 31, 2023 WL 3570850 (Table). Sanders provides that he did not file a petition for certiorari in the United States Supreme Court. ECF No. 1 at 4.

Now, Sanders seeks habeas relief on a singled ground—that his Fifth and Fourteenth Amendment rights were violated by the trial court and the Wisconsin appellate courts by denying him the opportunity to present

newly discovered evidence alleging sufficient facts to warrant an evidentiary hearing. ECF No. 1 at 6.

**3. ANALYSIS**

Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

**3.1 Timeliness**

First, the Court considers the timeliness of the petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded, followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray v. Clements*, 700 F.3d 993, 1003 (7th Cir. 2012).

Here, the Wisconsin Supreme Court denied Sanders's petition for review on February 27, 2023. *State v. Sanders* 2023 WI 31, 2023 WL 3570850 (Table). Sanders did not seek certiorari with the United States Supreme

Court. ECF No. 1 at 4. Thus, his judgment became final ninety days later, on May 28, 2023. Sanders then had one year in which to file his petition. Thus, it appears that Sanders federal habeas petition, filed on January 18, 2024, ECF No. 1, is timely.

### 3.2 Exhaustion

Next, the Court analyzes whether Sanders fully exhausted his state-court remedies. A district court may not address grounds raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a petitioner is not required to present it to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Based on the Wisconsin Court of Appeals' November 8, 2022 order, and the Wisconsin Supreme Court's denial of review, it appears that Sanders has fully exhausted the ground in his present petition.

### 3.3 Procedural Default

The Court next determines whether Sanders has procedurally defaulted on any of his exhausted grounds. Even though a constitutional claim in a federal habeas petition has been exhausted, a court is still barred from considering the ground if the petitioner has procedurally defaulted on

the claim. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). Here, on the record before the Court, it does not plainly appear that Sanders has procedurally defaulted on his claims.

### 3.4 Cognizable Claims

Sanders presents only one ground for relief. He states that his Fifth and Fourteenth Amendment rights were violated by the trial court and the Wisconsin appellate courts by denying him the opportunity to present newly discovered evidence alleging sufficient fact to warrant an evidentiary hearing. ECF No. 1 at 6. He further provides that the issue presented is whether his post-conviction motion requesting a new trial based on newly discovered evidence alleged sufficient evidence to warrant an evidentiary hearing. *Id.*

The Court finds that Sanders's petition does not state a claim for relief that is cognizable on federal habeas review. "It is well established that the Constitution does not guarantee any postconviction process, much less specific rights during a postconviction hearing." *Flores-Ramirez v. Foster*, 811 F.3d 861, 866 (7th Cir. 2016). In *Jones v. Butler*, 778 F.3d 575, 586 (7th Cir. 2015), the Seventh Circuit agreed with the district court that a federal habeas petitioner's claim that the state court's refusal to grant him an evidentiary hearing on his post-conviction claim, even though described as a federal due process claim, was actually a "challenge to [the] state court's interpretation of state law post-conviction procedures and therefore not cognizable on habeas review."

Here, Sander's attempts to frame his claim as a federal constitutional issue; however, the Court finds this case analogous to *Jones* because it is actually a challenge to the Wisconsin Court of Appeal's interpretation of post-conviction procedure—whether a post-conviction claim warrants an evidentiary hearing. "That interpretation of state law is not cognizable on federal *habeas* review." *Hodges v. Cromwell*, No. 22-CV-1215-PP, 2023 WL 356138, at *3 (E.D. Wis. Jan. 23, 2023). As such, the Court finds that Sanders's only ground for relief is not cognizable in federal habeas, and the Court will accordingly dismiss the petition.

4. **CONCLUSION**

Sander's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 fails to state a claim for relief that is cognizable on federal habeas review. The Court will accordingly dismiss the petition with prejudice.

Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether this Court's assessment of the petition was correct. As a consequence, the Court is compelled to deny a certificate of appealability as to Sanders's petition.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Duffin's order requiring a $34.47 initial partial filing fee, ECF No. 5, be and the same is hereby **VACATED**;

**IT IS FURTHER ORDERED** that Petitioner's motion to proceed without prepayment of the filing fee, ECF No. 7, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the Clerk of Court return $29.47 ($34.47 minus $5.00 filing fee) to Petitioner;

**IT IS FURTHER ORDERED** that Petitioner's unsigned motion to proceed without prepayment of the filing fee, ECF No. 2, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 24th day of April, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.